Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| CHRISTOPHER VÁZQUEZ<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400326 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. ICSH-06-24<br><br>Sobre: VISITA |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2024.

El 21 de junio de 2024, el señor Christopher Vázquez, (en adelante, el "Sr. Vázquez" o "parte recurrente"), presentó el recurso de epígrafe ante este Tribunal. Por medio de este, nos solicitó que revisemos la *Resolución* emitida el 3 de junio de 2024,[1] por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "parte recurrida" o "DCR"). En la determinación recurrida, el DCR indicó que "una vez se le suministre la determinación final de la División Legal de la Oficina de Disciplina de Empleado, se realizará la determinación sobre la visita del recurrente".[2]

Luego de evaluar el escrito de la parte recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

---

[1] Del expediente, del Recurso de Revisión Judicial y de la Resolución emitida no se desprende la fecha de notificación.
[2] Anejo 5 del Recurso de Revisión Judicial.

Número Identificador

RES2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se *desestima* el recurso de epígrafe por los fundamentos que expondremos a continuación.

**I.**

El Sr. Vázquez presentó una *Solicitud de Remedios Administrativos* el 22 de enero de 2024 ante el Evaluador de Remedios Administrativos de la Oficina de Arecibo, Ovidio González La Torre. La misma fue recibida y ponchada por el evaluador el 2 de febrero de 2024. En su escrito, la parte recurrente solicitó que se le permitiera recibir visitas de su pareja, Jackeline Andino Plaza. La parte recurrida, por conducto de la Técnico Socio Penal Principal, Tania González Colón (en adelante, "Sra. González Colón"), emitió el 8 de febrero de 2024 y notificó el 9 de abril del mismo año la *Respuesta del REA Concernida/Superintendente*. En ella se le indicó a la parte recurrente que, luego de que la Sra. González Colón se comunicara con la Oficina de Investigación del Sistema Correccional (OISC) de Nivel Central le informaron que la investigación con respecto a la situación que surgió referente a su persona no había comenzado. Como consecuencia de lo anterior, no se podía autorizar la visita de la pareja de la parte recurrente.

El 1 de mayo de 2024, el Sr. Vázquez inconforme con la respuesta emitida, presentó *Solicitud de Reconsideración* ante la Coordinadora Regional de Remedios Administrativos, Damaris Robles Domínguez (en adelante, "Sra. Robles Domínguez"). En síntesis, el Sr. Vázquez arguyó que no estaba de acuerdo con la respuesta recibida. Por su parte, el 21 de mayo de 2024, la Sra. Robles Domínguez acogió la petición de *Reconsideración*. Así las cosas, el 3 de junio de 2024 la División de Remedios Administrativos, por voz de la Sr. Robles Domínguez, emitió una *Resolución* e indicó que una vez se le suministrara la determinación

final de la División Legal de la Oficina de Disciplina de Empleado sobre un proceso paralelo que se estaba llevando a cabo en contra de la pareja de la parte recurrente, se realizaría la determinación sobre la visita de la parte recurrente.

Inconforme, el Sr. Vázquez presentó este recurso en el que hace los siguientes señalamientos de error:

**Primer error:** El Departamento de Corrección Rehabilitación, viol[ó] crasamente el debido proceso de ley, en su modalidad procesal, instituye requisitos fundamentales con los que todo procedimiento adversativo debe cumplir para garantizar las exigencias mínimas del mismo, cabe destacar:

Notificación adecuada del proceso: El D.C.R. comenzó una investigación sin notificar a las partes entiéndase a Sr. Christopher Vázquez y la Sra. Jacqueline Andino Plaza

Proceso ante un juez imparcial: Los procedimientos administrativos son inconstitucionales (Véase) Axon Enterprise, Inc. v. Trade Comission. Donde se impugna la validez del sistema de investigaciones y adjudicación de estas dos agencias, entre muchas otras, que comparten poderes parecidos, donde la agencia tiene poder para iniciar investigaciones internamente y luego tiene poderes para adjudicar la controversia y finalmente tomar una determinación de este asunto y esta revisión que existe a estas determinaciones se da dentro de la misma agencia.

Oportunidad de ser oído: en este caso en particular tanto el Sr. Christopher Vázquez como la Sra. Jacqueline Andino Plaza, nunca le dieron la oportunidad de expresarse en cuanto a la obstrucción de permitirle la visita, a su vez no fueron entrevistados, ni solicitaron su comparecencia ante la[s] personas que realizaron dicha investigación. (solo se hace justicia cuando se conoce toda la verdad) Pueblo v. Ribas, Supra, P[á]g. 384.

Derecho a contra interrogar testigos y examinar evidencia presentada en su contra: Actualmente las partes desconoce[n] cuál es la evidencia en su contra y de qué modo podría ser castigados respecto a la controversia.

Tener asistencia de abogado: una parte adversamente afectada por una determinación del D.C.R. debe tener oportunidad de defenderse con asistencia de una buena representación.

Que la decisión se base en r[é]cord: De qué forma justa e imparcial va a tomar el D.C.R. cuando no le dio a la parte perjudicada oportunidad alguna para defenderse de este proceso.

**Segundo error:** La acción tomada es contraria al Reglamento de normas y procedimientos para regular las visitas de los miembros de la población correccional, núm. 8817 de 21 de septiembre de 2016. Su artículo XI. Visita de <u>empleados</u> del Departamento de Corrección y Rehabilitación a Miembros de la Población Correccional dispone que: (Deberá completar el formulario "Solicitud de autorización a empleados de la administración de corrección para visitar a un miembro de la población correccional"). Del pasado artículo no dispone empleados del gobierno de Puerto Rico, o de otras agencias, solo empleados del D.C.R. que en cuyo caso será autorizada por el jefe regional de programas y servicios.

**Tercer error:** En ningún momento el jefe regional de programas y servicios se ha expresado en cuanto la situación en particular.

**Cuarto error:** El Técnico sociopenal a cargo ya [h]a[b]ía evaludo a la pareja del peticionario y determin[ó] que cumplía con todos los requisitos establecidos por ley y reglamento. Estaba autorizada a visitar al Sr. Christopher Vázquez, fue una acción arbitraria por parte de la superintendente Sr[a]. Alba Collado del C.D.O. de Mayagüez y a más de un año no ha podido recibir visita el peticionario.

**Quinto error:** Al no entrevistar a las partes y de acuerdo a su reglamento solo existe una limitación en negarle la visita donde establece que el cónyuge (legal o consensual) debe haber tenido una relación previa al encarcelamiento, la cual en dicho caso ya existía antes de encarcelamiento del Sr. Christopher Vázquez, sin embargo[,] existe una excepción a la norma:

Cuando se trata de un Miembro de la Población Correccional que no recibe otras visitas y se demuestra no ser un riesgo a la seguridad institucional.

El 28 de junio de 2024, emitimos una *Resolución* concediéndole al Sr. Vázquez hasta el 10 de julio de 2024 para que sometiera a este Tribunal la Declaración en Apoyo de Solicitud para Litigar como Indigente (*In Forma Pauperis*), debidamente juramentada o cancelar el arancel de presentación. Se le advirtió que, de no cumplir con lo solicitado, procederíamos a desestimar el recurso. El 22 de julio de 2024 recibimos la Solicitud y Declaración

para que se exima de pago de aranceles por razón de Indigencia, por lo que acogemos su solicitud y procedemos, de conformidad.

**II.**

**-A-**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Íd.* De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*. *Pueblo v. Ríos Nieves, supra,* pág. 273-274. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Por otro lado, según se ha definido, un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos. *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 97-98 (2008). **Un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre,**

**pues al momento de su presentación no existe autoridad judicial para acogerlo.** *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370. **Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.** *Yumac Home v. Empresas Massó, supra*, pág. 107.

**-B-**

La Ley de Procedimiento Administrativo Uniforme (en adelante, LPAU), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 9601 *et seq.*, define el ámbito de la revisión judicial. Por disposición expresa de la Sec. 4.2 de la LPAU, 3 LPRA sec. 9672, solamente pueden ser revisadas aquellas órdenes o resoluciones finales dictadas por las agencias o sus funcionarios administrativos. La sección señala, en lo pertinente dispone que:

> **Una parte adversamente afectada por una orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 3.15 de este Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]
>
> [...]
>
> **Una orden o resolución interlocutoria de una agencia, incluyendo aquéllas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.** Sec. 4.2 de la LPAU, *supra,* 3 LPRA sec. 9672.
>
> [...]

Por su parte, la Sección 1.3 (g) de la LPAU, 3 LPRA sec. 9603(g), define orden o resolución como:

> [c]ualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador.

A su vez, la LPAU considera una orden "interlocutoria" como: "aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal". Sección 1.3(i) de la LPAU, *supra*, 3 LPRA sec. 9603(i). Además, define una orden o resolución "parcial" como: "la acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma". Sección 1.3(h) de la LPAU, *supra*, 3 LPRA sec. 9603(h). De esta manera, la LPAU no contempla la revisión judicial de las órdenes o dictámenes interlocutorios que emita una agencia durante un procedimiento adjudicativo ante ella.

**-III-**

El caso de autos tiene su génesis en una *Resolución* emitida el 3 de junio de 2024. En esta, la Coordinadora Regional de Remedios Administrativos, Damaris Robles Domínguez, indicó que una vez se le suministrara la determinación final de la División Legal de la Oficina de Disciplina de Empleado sobre el proceso interno llevado a cabo con la pareja de la parte recurrente, se realizaría la determinación sobre la visita solicitada por este último. Como se mencionó anteriormente, la Sección 4.2 de la LPAU, *supra*, 3 LPRA sec. 9672, dispone que solamente pueden ser revisadas aquellas **órdenes o resoluciones finales** dictadas por las agencias o sus funcionarios administrativos. **Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno.** *Bird Const. Corp. v. A.E.E. et al*, 152 DPR 928, 935-936 (2000). Así pues, **la disposición final de la decisión de la**

**agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.**

Cónsono con lo anterior, la jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es menester enfatizar que, la jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Id.* Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 355. Por su parte, un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). **Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.** Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Surge del expediente que, al momento en el cual el Sr. Vázquez presentó el recurso, la parte recurrida no había emitido una determinación final sobre su solicitud. Por el contrario, DCR en la *Resolución* indicó que una vez se le suministrara la determinación final de la División Legal de la Oficina de Disciplina de Empleado, se realizaría la determinación sobre la solicitud de visita de la parte recurrente.  En el presente caso no estamos ante una resolución final, sino ante una resolución parcial. Una resolución "parcial" se define como: "la acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma". Sección 1.3(h) de la LPAU, *supra*, 3 LPRA sec. 9603(h).

Así las cosas, **por no tener carácter de finalidad** la *Resolución* recurrida, estamos impedidos de atender el recurso presentado por el Sr. Vázquez. **La disposición final de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.** Por tanto, según lo expuesto, no tenemos jurisdicción para considerar el recurso de referencia, pues el mismo es prematuro. Esto, debido a que el caso de autos es uno que se ha presentado con relación a una determinación interlocutoria y cuyo procedimiento aún está pendiente ante la consideración del DCR.

Nótese que nuestro más Alto Foro ha expresado que **la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.** *Yumac Home v. Empresas Massó, supra,* pág. 107 (2015). Por ende, una vez DCR emita su determinación final y el Sr. Vázquez podrá recurrir ante este foro apelativo si no está conforme con la decisión que en su día emita la agencia.

### -IV-

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente Sentencia, se *desestima* el recurso de epígrafe por ser prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones